FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

FEB 0 2 2017

JAMES W. McCORMACK, CLERK
By: _____
                    DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

TERRY ELLIOTT, Individually and on             PLAINTIFF
Behalf of All Others Similarly Situated

vs.                              No. 4:17-cv-____-JM

CUSTOMER SERVICE QUALITY
TRANSPORTATION, INC.                            DEFENDANT

### ORIGINAL COMPLAINT—COLLECTIVE ACTION

COMES NOW Plaintiff Terry Elliott, individually and on behalf of all others similarly situated, by and through his attorneys Steve Rauls and Josh Sanford of the Sanford Law Firm, PLLC, and for his Original Complaint—Collective Action against Customer Service Quality Transportation, Inc. ("CSQT," or "Defendant"), does hereby state and allege as follows:

### I. INTRODUCTION

1. Plaintiff, individually and on behalf of all others similarly situated, brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* ("AMWA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, civil penalties and costs, including reasonable attorneys' fees as a result of Defendant's failure to pay Plaintiff and all others similarly situated overtime wages as required by the FLSA and AMWA.

This case assigned to District Judge _Moody_
and to Magistrate Judge _Deere_

2. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the FLSA and AMWA as described infra.

## II. JURISDICTION AND VENUE

3. The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. Plaintiff's claims under the AMWA form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged in this complaint.

5. Therefore, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

6. Defendant conducts business within the State of Arkansas, providing automotive repair services within the State of Arkansas.

7. Defendant operates an automotive repair shop in Little Rock, Arkansas.

8. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Arkansas has personal jurisdiction over Defendant, and Defendant therefore "resides" in Arkansas.

9. Plaintiff was employed by Defendant as an auto mechanic, performing services for Defendant in the Western Division of the Eastern District of Arkansas.

10. The acts alleged in this Complaint had their principal effect within the Western Division of the Eastern District of Arkansas, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## III. THE PARTIES

11. Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

12. Plaintiff Terry Elliott is a resident and citizen of North Little Rock, Arkansas.

13. Plaintiff was employed by Defendant from about February of 2016 through December of 2016.

14. Defendant CSQT is a private, for-profit Arkansas corporation having as its registered agent for service of process Arthur Beech, 8205-B Zueber Road, Little Rock, Arkansas 72206.

15. CSQT's annual gross volume of sales made or business done is not less than $500,000.00.

16. CSQT has employees engaged in interstate commerce.

17. CSQT has more than four (4) employees.

18. CSQT's primary business purpose at its Little Rock location is to provide automotive repair services; CSQT employs auto mechanics to accomplish this goal.

19. At all times relevant hereto, Plaintiff worked for Defendant as an auto mechanic and was paid an hourly wage.

## IV. FACTUAL ALLEGATIONS

20. Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

21. Defendant classified Plaintiff as an hourly employee nonexempt from the overtime requirements of the FLSA and the AMWA.

22. As an auto mechanic, Plaintiff's duties included making repairs to commercial and non-commercial vehicles.

23. Defendant tracked auto mechanics' work time, including Plaintiff's, using a time clock.

24. Plaintiff and other auto mechanics in Defendant's employ routinely worked more than forty (40) hours per workweek.

25. Defendant paid auto mechanics, including Plaintiff, their regular hourly rates for all hours worked, including hours in excess of forty (40) per workweek.

26. Defendant did not pay overtime premiums to Plaintiff or other auto mechanics for hours worked in excess of forty (40) per workweek.

## V. REPRESENTATIVE ACTION ALLEGATIONS

27. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

28. Plaintiff brings his claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who were, are or will be employed by Defendant as similarly situated employees at any time within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

   A. Overtime premiums for all hours worked for Defendant in excess of forty (40) hours in any week;

   B. Liquidated damages; and

C. Costs of this action, including attorney's fees

29. In conformity with the requirements of FLSA Section 16(b), Plaintiff has or will file shortly a Consent to Join this lawsuit.

30. The relevant time period dates back three years from the date on which Plaintiff's Original Complaint was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

31. The proposed class of opt-in Plaintiffs in this case is defined as all persons who were or are employed by Defendant as auto mechanics at Defendant's Little Rock shop.

32. The proposed FLSA class members are similarly situated in that they share these traits:

A. They performed the same or similar job duties;

B. They worked at the same location;

C. They were classified by Defendant as hourly employees;

D. They were subject to Defendant's common compensation policy that deprived them of overtime wages.

33. Plaintiff is unable to state the exact number of class members but believes that the class exceeds twenty (20) persons.

34. Defendant can readily identify the members of the Section 16(b) class, which encompasses all auto mechanics employed by Defendant within the three (3) years prior to the filing of Plaintiff's Original Complaint.

35. The names and physical and mailing addresses of the FLSA collective action Plaintiffs are available from Defendant, and a Court-approved Notice should be

provided to the FLSA collective action Plaintiffs via first class mail and email to their last known physical and electronic mailing addresses as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

## VI. FIRST CLAIM FOR RELIEF

### (Individual Claim for Violation of FLSA)

36. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

37. Defendant has failed and refused to comply with the FLSA's wage requirements by failing to pay Plaintiff one and one half times his regular rate for all hours worked in excess of forty (40) hours per week during Plaintiff's employment as described in this Complaint.

38. Many work weeks, if not all work weeks, Plaintiff worked more than forty (40) hours per week and was not paid overtime for hours worked in excess of forty (40) per week.

39. Defendant violated the FLSA by failing to pay overtime compensation to Plaintiff. The FLSA regulates, among other things, the payment of overtime pay by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

40. Defendant is and was at all times subject to the overtime pay requirements of the FLSA because it is an enterprise and its employees are engaged in commerce.

41. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

42. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees as provided by the FLSA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiff's initial complaint.

43. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

44. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII. SECOND CLAIM FOR RELIEF

### (Individual Claim for Violation of AMWA)

45. Plaintiff repeats and re-alleges all previous paragraphs of this Original Complaint as though fully set forth herein.

46. At all relevant times, Defendant has been Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

47. The AMWA required and requires Defendant to pay Plaintiff one and one-half times his regular rate for all hours worked over forty (40) hours per workweek during the applicable statutory limitations period.

48. Defendant required Plaintiff to work in excess of forty (40) hours in many if not all weeks, but failed to pay Plaintiff overtime compensation for all of the hours in excess of forty (40) hours each week.

49. Defendant's conduct and practice, as described above, was willful, intentional, unreasonable, arbitrary and in bad faith.

50. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, prejudgment interest, civil penalties and costs, including reasonable attorney's fees as provided by the AMWA.

## VIII. THIRD CLAIM FOR RELIEF

### (Collective Action Claim for Violations of FLSA)

51. Plaintiff repeats and re-alleges all previous paragraphs of this Original Complaint as though fully set forth herein.

52. Plaintiff, individually and on behalf of all others similarly situated, asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, et seq.

53. At all relevant times, Defendant has been, and continues to be, an "employer" of Plaintiff and all those similarly situated within the meaning of the FLSA, 29 U.S.C. § 203.

54. Class members suffered the same FLSA minimum wage and overtime violations as Plaintiff suffered individually, as alleged herein above.

55. By reason of the unlawful and willful acts alleged herein, Defendant is liable to Plaintiff and all those similarly situated for monetary damages, liquidated

damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of Plaintiff's Original Complaint.

## IX.

## **PRAYER FOR RELIEF**

WHEREFORE, premises considered, Plaintiff Terry Elliott respectfully prays for declaratory relief and damages as follows:

(a) That Defendant be summoned to appear and answer herein;

(b) A declaratory judgment that Defendant's practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*;

(c) A declaratory judgment that Defendant's practices alleged herein violate the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the related regulations;

(d) Judgment for damages for all unpaid overtime wage compensation owed to Plaintiff and all those similarly situated under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*;

(e) Judgment for damages for all unpaid overtime wage compensation under the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the related regulations;

(f) Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiff during the applicable statutory period;

(g) Judgment for liquidated damages pursuant to the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the relating regulations;

(h) An order directing Defendant to pay Plaintiff prejudgment interest, reasonable attorney's fees and all costs connected with this action; and

(i) Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**PLAINTIFF TERRY ELLIOTT**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 SOUTH SHACKLEFORD, SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

By: /s/ Steve Rauls
Steve Rauls
Ark. Bar No. 2011170
steve@sanfordlawfirm.com

and /s/ Josh Sanford
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com